IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER PAUL POST,<br><br>    Petitioner,<br><br> vs.<br><br>JOHN MARSHALL,[1] Warden, California Men's Colony,<br><br>    Respondent. | No. 2:05-cv-01545-JKS<br><br>MEMORANDUM DECISION |

  Petitioner Peter Paul Post, a state prisoner proceeding *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Post is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California Men's Colony. Respondent has answered, and Post has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

  Following a jury trial, Post was convicted in the California Superior Court, Sacramento County, of first-degree burglary (Cal. Penal Code §§ 459, 460). Post admitted four prior serious felony convictions (Cal. Penal Code § 667(a)-(i)) and service of a prior prison term (Cal. Penal Code § 667(b)). The trial court sentenced Post to an indeterminate term of 31 years to life. Post timely appealed his conviction and sentence to the California Court of Appeal, Third Division,

---

  [1] John Marshall, Warden, California Men's Colony, is substituted for A. P. Kane, Warden (A), California Training Facility. Fed. R. Civ. P. 25(d).

which affirmed his conviction and sentence in an unpublished, reasoned decision.[2] The California Supreme Court summarily denied review without opinion or citation to authority on June 23, 2004.[3] Post timely filed his petition for relief in this Court on May 29, 2005.

## II. GROUNDS RAISED/DEFENSES

In his petition, Post raises a single ground for relief–the trial court erred in admitting evidence of prior crimes. Respondent asserts no affirmative defenses.[4]

## III. STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[6] The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on

---

[2] *People v. Post*, 2004 WL 792184 (Cal. App. April 13, 2004).

[3] Lodged Document No. 3.

[4] *See* Rules—Section 2254 Cases, Rule 5(b).

[5] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[6] *Williams*, 529 U.S. at 412.

the supervisory power of the Supreme Court over federal courts.[7] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[8] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[9] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[10] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[11]

In applying this standard, this Court reviews the last reasoned decision by the state court,[12] which in this case was that of the California Court of Appeal. Under AEDPA, the state

---

[7] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[8] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[9] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[10] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[11] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[12] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[13]

IV. DISCUSSION

Prior to trial, over Post's objections, the trial court ruled evidence of his prior burglaries would be admitted for the purpose of establishing his intent to commit burglary charged in this case under California Evidence Code §§ 352 and 1101. Post contends that the ruling was prejudicial error. Post argues, because there were insufficient similarities between the prior burglaries and the one currently charged, his intent in the current burglary charge could not be reasonably inferred from his intent in the prior burglaries.[14] The California Court of Appeal rejected Post's arguments, holding:

> Subdivision (a) of [Evidence Code] section 1101 prohibits admission of evidence of a person's character, including evidence of character in the form of specific instances of uncharged misconduct, to prove the conduct of that person on a specified occasion. Subdivision (b) of section 1101 clarifies, however, that this rule does not prohibit admission of evidence of uncharged misconduct when such evidence is relevant to establish some fact [, such as the person's intent,] other than the person's character or disposition. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 393, fn. omitted.)
> The least degree of similarity (between the uncharged act and the charged offense) is required in order to prove intent . . . . In order to prove intent, the uncharged misconduct must be sufficiently similar to support the inference that

---

[13] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[14] Post did not testify at his trial. One of the investigating officers did testify that, at the time Post was arrested, Post stated he was at home sleeping at the time of the incident. Lodged Document No. 5, Transcript, p. 451. Post never raised an alibi defense in either the trial court or on appeal. Post did not seriously dispute that he entered the apartment he was accused of burglarizing. Post's defense was posited on the theory that his intent was to simply use the bathroom when he entered the apartment. Post's Counsel argued that "based upon the evidence, there is a rational conclusion that Mr. Post entered that apartment without the intent to commit theft, without the intent to commit oral copulation on a woman, and without the intent to commit indecent exposure." Lodged Document No. 5, Transcript, p. 512.

4

the defendant 'probably harbor[ed] the same intent in each instance.' *(People v. Ewoldt, supra,* 7 Cal.4th at p. 402, citations omitted.)

Here, in each of the prior incidents the defendant selected first floor apartments occupied by women with young children; he surreptitiously entered in the early morning hours when the occupants were asleep; he was not deterred from assaulting the women by the presence of the children sleeping near or with them; the sexual assaults were accomplished by stealth; and, upon being discovered by the women, he neither made threats nor used force, instead, he simply ran off. Also of no little significance was the bizarreness of defendant's conduct sneaking under the blankets of Connie A. and licking her vaginal area; sneaking under the sheet of Marcelene T. and licking her buttocks; and lying behind the sofa upon which Suzanne W. was asleep, reaching over the sofa and unbuttoning her blouse and then rubbing her breasts. These acts, which virtually assured the women would awaken, showed his indifference to being discovered.

In the charged offense, Lisa M. lived in a first floor apartment with her two young daughters; while Lisa slept, her two young daughters slept by her side; defendant surreptitiously entered Lisa's apartment in the early morning hours; his entry was not deterred by the presence of the children near her; and he flushed the toilet, thereby demonstrating not only bizarre behavior but also an indifference to being discovered. These circumstances are sufficiently similar to those of the prior offenses such that a reasonable inference that defendant intended to similarly assault Lisa M. when he entered her apartment, but was discovered before he had the opportunity to do so.

Defendant notes there were dissimilarities between the prior and current offenses. Namely, in the prior offenses there was no evidence he used the toilet, no evidence he carried a backpack, and the offenses occurred hours earlier than that of the charged offense. Obviously, no two offenses will be precisely the same. These dissimilarities are simply minor and do not offset the similarities described above.

Defendant also urges that even if we conclude that the evidence of the prior burglaries is admissible under Evidence Code section 1101, subdivision (b), the court still erred by not excluding it under Evidence Code section 352. Again, we find no error. Evidence Code section 352 permits the court to 'exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time, or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury.'

Defendant argues the probative value of the evidence was 'not great' because 'the prior burglaries were not similar to the present crime,' and the prejudicial effect was great because of the inflammatory nature of the assaults in the prior burglaries. The argument is unconvincing.

For reasons set forth above, we, like the trial court, conclude the circumstances of the prior burglaries were sufficiently similar to those of the current burglary to permit the inference he harbored the same intent in the current offense as he had

in the prior offenses. In other words, the similarities in the offense make the prior offenses strongly probative on defendant's intent in the present case.

Nor do we agree with defendant that the conduct in the prior offenses was particularly inflammatory. While the acts were disgusting and bizarre, no force or threat of force was used, the victims were not injured, the incidents did not last long, and defendant fled immediately upon being discovered. Consequently, the trial court did not err in refusing to exclude the challenged evidence pursuant to Evidence Code section 352.[15]

The U. S. Supreme Court has acknowledged its "traditional reluctance to impose constitutional restraints on ordinary evidentiary rulings by state trial courts."[16] "The introduction of unfairly prejudicial evidence against a defendant in a criminal trial . . . . does not amount to a violation of due process unless the evidence is so extremely unfair that its admission violates fundamental conceptions of justice."[17] "[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules."[18]

Federal Rule of Evidence 404, as does its California counterpart California Evidence Code § 1101, generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case, such as motive, opportunity, or knowledge. No preliminary showing is necessary before such evidence may be introduced for a proper purpose.[19] If offered for such a proper purpose, the

---

[15] *Post*, 2004 WL 792184 at 3-4.

[16] *Crane v. Kentucky*, 476 U.S. 683, 689 (1986).

[17] *Dunnigan v. Keane,* 137 F.3d 117, 125 (2d Cir. 1998).

[18] *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983)).

[19] *Huddleston v. United States*, 485 U.S. 681, 687-88 (1988).

evidence is subject only to general strictures limiting admissibility, such as Rules 402 and 403.[20] California employs an abuse of discretion standard on appellate review of rulings under California Evidence Code § 1101(b).[21] There is a split among the circuit courts as to the proper standard of review, *de novo* or abuse of discretion, to be applied to the question of whether evidence falls within the scope of Rule 404(b). While the Ninth Circuit applies a *de novo* standard,[22] the Second Circuit applies an abuse of discretion standard.[23] Thus, this Court cannot say that the California Court of Appeal applied a standard contrary to federal law as established by the Supreme Court.[24]

The Supreme Court has held that, in ruling on whether evidence of prior bad acts is properly admitted under Rule 404(b), the court must consider whether: (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair

---

[20] *Id.* at 688; *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (noting that once it has been established that the evidence at issue serves an admissible purpose, such as establishing motive or intent, the only conditions justifying the exclusion of the evidence are those set forth in Rule 403).

[21] *People v. Daniels*, 802 P.2d 906, 924 (Cal. 1991); *see People v. Kipp*, 956 P.2d 1169, 1181 (Cal. 1998) (an admissibility ruling under section 1101(b) is essentially a determination of relevance that is reviewed for abuse of discretion).

[22] *See United States v. Montgomery*, 384 F.3d 1050, 1061 (9th Cir. 2004).

[23] *United States v. Paulino*, 445 F.3d 211, 221 (2d Cir. 2006).

[24] Given the split between the circuits and the fact that the Supreme Court has not expressly ruled on this question, it cannot be said that the use of an abuse of discretion standard is an unreasonable application of federal law as established by the Supreme Court. *Kessee*, 574 F.3d at 679. Even if *de novo* appellate review were constitutionally mandated, the California Court of Appeal in this case in fact reviewed the § 1102(b) question *de novo*.

prejudice; and (4) the court, if requested, administered an appropriate limiting instruction.[25] Under California Evidence Code § 1102(b), as "circumstantial evidence, its admissibility depends upon three principal factors: (1) the materiality of the fact sought to be proved or disproved; (2) the tendency of the uncharged crime to prove or disprove the material fact; and (3) the existence of any rule or policy requiring the exclusion of relevant evidence."[26] The tests employed by the federal and California courts are substantially similar.

Federal Rule of Evidence 403, the federal counterpart to California Evidence Code § 352, permits the exclusion of evidence if its probative value is "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ."[27] California employs a similar rule.[28]

---

[25] *Huddleston*, 485 U.S. at 691-92.

[26] *People v. Thompson*, 611 P.2d 883, 888 (Cal. 1980) (citations omitted).

[27] *United States v. Abel,* 469 U.S. 45, 54 (1984); *see Boyd v. City and County of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009).

[28] *See People v. Harris*, 118 P.3d 545, 565 (Cal. 2005) ("[w]e review for abuse of discretion a trial court's rulings on the admissibility of evidence.").

In this case, the jury was given a limiting instruction—CALJIC 2.50:

> Evidence has been introduced for the purpose of showing that the defendant committed crimes other than that for which he is on trial. Except as you will otherwise be instructed, this evidence, if believed, may not be considered by you to prove that defendant is a person of bad character or that he has a disposition to commit crimes. It may be considered by you for the limited purpose of determining if it tends to show:
>     The existence of the intent which is a necessary element of the crime charged;
>     For the limited purpose for which you may consider such evidence, you must weigh it in the same manner as you do all other evidence in the case.
>     You are not permitted to consider such evidence for any other purpose.[29]

The jury was also instructed that when evidence was admitted for a limited purpose, it was to be considered for that limited purpose only, and no other.[30]

Finally, the Supreme Court has never held that the admission of prior criminal acts for the purpose of showing conduct in conformity therewith or a propensity to commit crimes violates due process. In *Estelle*, the Supreme Court reserved determination of this question, leaving it open.[31] Applying the most relevant decisions of the Supreme Court, *Crane-Estelle-Huddleston-Abel*,[32] this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts

---

[29] Lodged Document No. 7, Clerk's Transcript, p. 49; Lodged Document No. 5, Reporter's Transcript, p. 524.

[30] Lodged Document No. 7, Clerk's Transcript, p. 41; Lodged Document No. 5, Reporter's Transcript, p. 521.

[31] *Estelle,* 502 U.S. at 75.

[32] *Huddleston* and *Abel*, construing the Federal Rules of Evidence, were decided under the Supreme Court's supervisory role over the lower federal courts, not on federal constitutional grounds. Thus, even if the California courts were inconsistent with either case, it would not necessarily change the result. *Early*, 537 U.S. at 10. The fact the decision was consistent with *Huddleston* and *Abel* further undercuts Post's arguments.

in light of the evidence presented in the State court proceeding."[33] Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Post's case within the scope of *Andrade-Williams-Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.[34]

## V. CONCLUSION AND ORDER

Post is not entitled to relief.

**IT IS HEREBY ORDERED THAT** the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[35] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated: March 8, 2010.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[33] 28 U.S.C. § 2254(d).

[34] *See Alberni v. McDaniel*, 458 F.3d 860, 866-67 (9th Cir. 2006).

[35] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).